UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIM DAVIS, | : | CIVIL ACTION NO. 20-1822 |
| Plaintiff, | : | |
| V. | : | |
| THE RUMSEY HALL SCHOOL, INC. | : | |
| Defendant. | : | DECEMBER 8, 2020 |

**COMPLAINT**

I.  **Jurisdiction and Venue**

1. Jurisdiction obtains pursuant to 28 U.S.C. § 1332(a).

2. The plaintiff resides in and is a citizen of Minnesota.

3. Defendant The Rumsey Hall School, Inc. is a non-stock corporation formed pursuant to the laws of the State of Connecticut with its principal place of business in the State of Connecticut.

4. The amount in controversy vastly exceeds the statutorily required $75,000.00, exclusive of interest and costs.

5. Venue lies in this District pursuant to 28 U.S.C. § 1391(a) in that the defendant resides in this District and a substantial part of the events, acts and omissions giving rise to the plaintiff's claims occurred in this District.

6. The defendant's acts and omissions alleged herein occurred while the plaintiff was a minor, the action is brought within thirty years from the date the plaintiff attained the age of twenty-one, and this action seeks damages caused by sexual abuse, sexual exploitation and sexual assault; accordingly, this Complaint is timely filed pursuant to Connecticut General Statutes § 52-577d.

II. **Parties**

7. Rumsey Hall is an exclusive private boarding and day school for boys and girls acting through and bound by the acts and omissions of its administrators and faculty.

8. Tim Davis attended Rumsey Hall as a boarding student from the fall of 1988 to the spring of 1992, when he was 11-15 years old.

9. Prior to and during the time Tim attended Rumsey Hall, the school was responsible for the health and wellbeing of the school's students and the supervision, discipline, hiring and firing of the school's teachers and staff.

III. **First Claim for Relief (Negligence):**

10. During the time Tim attended Rumsey Hall, the school employed a man named Robert McGrew as the Dean of Students, and it provided him an office and an apartment on the school campus.

11. During Tim's attendance at Rumsey Hall, the defendant knew and should have known that McGrew was a sexual predator and child molester who desired and preyed on minor male students in the school's care and custody.

12. Rumsey Hall teachers and administrators knew that McGrew was inappropriately physically intimate with the boys in his care, frequently kissing them and hugging them against their will.

13. Prior to and during Tim's attendance at Rumsey Hall, Connecticut law imposed upon the school a mandatory duty to report to child welfare authorities if there was reasonable cause to believe that one or more students were being or had been sexually abused by an employee of the school.

15. Prior to and during Tim's attendance at Rumsey Hall, Connecticut law imposed upon the school a mandatory duty to report to child welfare authorities if there was reasonable cause to believe that one or more students were in danger of being sexually abused by an employee of the school, even if there was no reasonable cause to suspect that any such abuse had actually occurred.

16. Despite reasonable cause to believe that McGrew had sexually abused and/or posed a danger of sexually abusing one or more boys, Rumsey Hall failed and refused to report McGrew to child welfare authorities.

17. Despite reasonable cause to believe that McGrew had sexually abused and/or posed a danger of sexually abusing one or more boys, Rumsey Hall failed and refused to suspend or terminate McGrew's employment at the school, or to warn boys and their families of the risk of harm posed by McGrew, or to take any other steps to protect boys from McGrew's abuse.

18. At the time Tim attended Rumsey Hall, the school had a duty to ensure his safety and to protect him from sexual abuse by (a) hiring, training, and supervising staff who would not sexually abuse, and would not allow the sexual abuse of, students, (b)

suspending and terminating staff who posed a danger of sexually abusing students, and (c) enforcing policies and practices to protect students from sexual abuse by staff.

19. Rumsey Hall breached its duties to hire, train, supervise and discipline such employees and to enforce such policies.

20. As a direct and proximate result of Rumsey Hall's failures and refusals to comply with its duties to protect and warn vulnerable minor male students in its care and custody, McGrew sexually abused, assaulted and exploited Tim while he was a student at the school.

21. During Tim's seventh and eighth grades, when he was 12-14 years old, McGrew came into Tim's dorm room at night and sexually molested him.

22. McGrew's assaults included forced touching, fondling and masturbation of Tim's body, including his buttocks and his penis.

23. The assaults occurred approximately twice a week for a total of more than 100 separate acts of sexual exploitation, sexual abuse and sexual assault.

24. After molesting Tim, McGrew often moved across the room and molested Tim's roommate; Tim was forced to witness this abuse.

25. McGrew's apartment was in the same house as the dorm where Tim resided for seventh and eighth grades.

26. Rumsey Hall faculty and administrators knew and/or should have known that McGrew entered Tim's room at night approximately twice a week for two entire school years.

27. In the fall of Tim's ninth grade year, when he was 14 years old, McGrew pushed Tim against the wall in the study hall, ordered Tim to put his hands over his

head, put his hand into Tim's underwear, grabbed Tim's penis, and hissed "Do you want me to rip your dick off?"

28.     When Tim was able to get away, he rushed into the restroom and sobbed.

29.     Following McGrew's attack in the study hall, Tim told Matt Hoeniger about the assault and reported that McGrew had been sexually abusing him for years.

30.     Hoeniger was then a teacher at the school and was Tim's advisor.  He subsequently became the school's headmaster.

31.     Hoeniger reported to the school's headmaster Thomas Farmen and assistant headmaster Rick Spooner that McGrew had sexually assaulted Tim and had been sexually assaulting him for years.

32.     Following that report, Hoeniger, Farmen and Spooner intentionally failed and refused to discipline, suspend or fire McGrew and failed to do anything else to protect Tim for the remainder of his time at Rumsey Hall.

33.     Hoeniger, Farmen and Spooner intentionally failed and refused to report McGrew's serial sexual abuse to the Connecticut Department of Children and Families or to law enforcement, as mandated by law.

34.     Hoeniger, Farmen and Spooner intentionally failed and refused even to notify Tim's parents that for more than two years their child had been sexually victimized by the school's dean of students and was at imminent risk of being abused for the remainder of his time at Rumsey Hall.

35.     At the time that Spooner intentionally failed and refused to protect Tim from McGrew's sexual abuse, he was obtaining a masters degree in counseling and

5

teaching a health class at Rumsey Hall focused on sex education, making his failure to protect Tim even more reprehensible.

36.   Instead of protecting Tim and complying with their mandatory reporting obligations, Hoeniger, Farmen and Spooner told McGrew that Tim was the boy who reported the abuse, thus identifying the child who ratted him out and giving McGrew even more incentive to sexually abuse and threaten Tim.

37.   This last act of grossly irresponsible and intentional conduct led directly to McGrew's next assault on Tim a few weeks later.

38.   McGrew cornered Tim in his office with the door closed, pushed Tim against the corner of the desk, reached into Tim's underwear, grabbed Tim's penis, and demanded "Who the fuck did you tell?  Who are you talking to?"

39.   Tim was subjected to the constant threat and fear for the remainder of his ninth grade year that McGrew would resume the abuse and would punish and assault him again for reporting.

40.   According to a May 3, 2019 letter from then-headmaster Hoeniger and the chair of Rumsey Hall's board of trustees Nicholas Solley to members of the Rumsey community, the school conducted an investigation into child sexual abuse at the school.

41.   The investigation found that Robert McGrew was a pedophile who molested multiple children at the school.

42.   The letter admitted "confidential insurance company settlements in 2001 and 2016" paid to three of McGrew's victims.

43.   These victims are in addition to Tim, Tim's roommate and other boys at the school.

44. McGrew sexually assaulted and abused some of his victims after Tim reported the abuse to Hoeniger and Hoeniger reported it to Farmen and Spooner.

45. Even though Hoeniger, Farmen and Spooner have known since 1992 that McGrew sexually assaulted and abused Tim, neither they nor anyone else at the school ever informed Tim's parents.

46. Even though Hoeniger, Farmen and Spooner have known since 1992 that McGrew sexually assaulted and abused Tim, the school failed and refused to report McGrew to DCF or law enforcement until sometime after 2017.

47. To this day, as a result of the school's intentional failure and refusal to comply with its mandatory reporting obligations, McGrew has suffered no criminal consequences for his serial sexual abuse of multiple minor boys.

48. Even though Hoeniger, Farmen and Spooner have known since 1992 that McGrew sexually assaulted and abused Tim, and even though other Rumsey Hall administrators have known since at least 2001 that McGrew had sexually assaulted and abused at least one other boy, no one from Rumsey Hall ever reached out to Tim about the abuse until 2019.

49. The school's intentional failure to reach out to Tim to acknowledge and validate that he was victimized has exacerbated his pain and suffering.

50. The school's intentional failure to behave responsibly to protect other victims who McGrew abused after he abused Tim has caused Tim extreme guilt and remorse.

51. McGrew's sexual abuse and Rumsey Hall's failure and refusal to stop it have caused Tim severe and permanent pain and suffering.

52. As a result of McGrew's sexual abuse and Rumsey Hall's failure and refusal to stop it, Tim suffered suicidal ideation and a near suicide attempt shortly after he graduated in 1992. He was 15 years old.

53. As a result of McGrew's sexual abuse and Rumsey Hall's failure and refusal to stop it, Tim has suffered from alcohol and substance abuse and dependence, and he has required in-patient and out-patient psychiatric care.

54. As a result of McGrew' sexual abuse, and of Rumsey Hall's failure and refusal to stop it, Tim's ability to engage in normal life activities has been permanently impaired and he has been and will be unable to lead and enjoy a normal life.

55. As a result of McGrew' sexual abuse, and of Rumsey Hall's failure and refusal to stop it, Tim's academic performance in high school and college suffered catastrophically.

56. As a result of McGrew' sexual abuse, and of Rumsey Hall's failure and refusal to stop it, Tim has suffered, and will continue over the course of his lifetime to suffer, mental, physical and emotional injuries, some or all of which are permanent, including severe emotional distress, pain and anguish, loneliness, depression, anxiety, feelings of abandonment, humiliation, embarrassment, panic, sexual dysfunction, hyper-vigilance, lack of ability to trust, shame, low self-esteem, self-loathing, nightmares, insomnia, PTSD, problems relating to others and in maintaining healthy intimate relationships, and thoughts of harming and killing himself.

57. As a result of McGrew' sexual abuse, and of Rumsey Hall's failure and refusal to stop it, Tim has incurred, and will continue to incur, out-of-pocket economic damages for mental health therapy and other costs of physical and psychological care,

and he has suffered, and will in the future suffer, destruction and impairment of his career and professional opportunities, and past, present and future lost income.

58. Tim's injuries and damages were caused by the negligence of Rumsey Hall in the ways previously described and in the following ways:

    a. Rumsey Hall employed a pedophile, and allowed that pedophile free reign to gratify his perverse sexual desires by molesting young vulnerable boys in the school's care and custody;

    b. Rumsey Hall failed and refused to supervise, discipline, report or fire McGrew even though there was reasonable cause to believe that he was a child molester;

    c. Despite actual and constructive knowledge that McGrew was sexually abusing Tim and other boys, Rumsey Hall failed and refused to prevent the abuse or to come to Tim's aid; and

    d. Rumsey Hall failed to warn Tim and his parents of the risk of harm to which he was subjected while attending the school.

59. Rumsey Hall failed to use reasonable care to protect Tim from the foreseeable and actually foreseen catastrophic pain and suffering caused by repeated and years-long sexual abuse inflicted by the school's dean of students.

60. Rumsey Hall owed Tim a duty of care, it breached that duty, its breach caused Tim to be repeatedly sexually assaulted, abused, and exploited, and Tim suffered damages as a result.

**IV.     Second Claim for Relief (Negligent Infliction of Emotional Distress):**

1. Paragraphs 1 through 60 of the First Claim for Relief are hereby incorporated as Paragraph 1 of this Second Claim for Relief.

2. Rumsey Hall created an unreasonable risk of causing Tim emotional distress.

3. Tim suffered distress, and his distress was foreseeable.

4. The emotional distress was severe enough that it might result in illness or bodily harm.

5. Rumsey Hall's conduct was the cause of Tim's distress.

**V.     Third Claim for Relief (Recklessness):**

1. Paragraphs 1 through 60 of the First Claim for Relief are hereby incorporated as Paragraph 1 of this Third Claim for Relief.

2. Rumsey Hall was consciously aware of the fact that it created a substantial risk to Tim.

3. Notwithstanding Rumsey Hall's conscious awareness of the risk to Tim, it failed to take necessary and appropriate steps to reduce or eliminate the risk and/or it took affirmative steps to exacerbate the risk and to make harm and injury to Tim more likely.

4. The injuries suffered by Tim were caused by the reckless or callous indifference, or the wanton misconduct, of Rumsey Hall.

**VI.     Fourth Claim for Relief (Intentional Infliction of Emotional Distress):**

1. Paragraphs 1 through 60 of the First Claim for Relief are hereby incorporated as Paragraph 1 of this Fourth Claim for Relief.

2. Rumsey Hall knew or should have known that emotional distress was the likely result of its conduct.

3. Rumsey Hall's conduct was extreme and outrageous.

4. Rumsey Hall's conduct was the cause of Tim's distress.

5. The emotional distress sustained by Tim was severe.

**VII.    PRAYER FOR RELIEF**

Wherefore, the plaintiff prays for the following relief:

1. Compensatory damages;

2. Punitive damages; and

3. Such other relief as the Court deems just and proper.

PLAINTIFF TIM DAVIS

BY s/Antonio Ponvert III
ANTONIO PONVERT III ct 17516
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 FAIRFIELD AVENUE
BRIDGEPORT, CT 06604
Tel: 203-336-4421
(203)368-3244 (facsimile)
aponvert@koskoff.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TIM DAVIS, | : | CIVIL ACTION NO. 20-1822 |
| Plaintiff, | : | |
| V. | : | |
| THE RUMSEY HALL SCHOOL, INC. | : | |
| Defendant. | : | DECEMBER 8, 2020 |

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38, the plaintiff demands a trial by jury on all issues.

THE PLAINTIFF

By /s/ Antonio Ponvert III
Antonio Ponvert III
Federal Bar No. ct 17516
Koskoff Koskoff & Bieder
350 Fairfield Avenue
Bridgeport, Connecticut 06604
TEL: 203-336-4421
FAX: 203-368-3244
Email: aponvert@koskoff.com